UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID BEUGLER ) <br> and DIANA BEUGLER, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> UNION PACIFIC RAILROAD ) <br> COMPANY, a corporation, ) <br> and BURLINGTON NORTHERN & ) <br> SANTA FE RAILWAY COMPANY, ) <br> a corporation, ) <br> ) <br> Defendants. ) | Case No. 03-CV-0626-CVE-FHM |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion for Reconsideration of [Amended] Order Dismissing Burlington Northern & Santa Fe Railway Company (Dkt. # 129). Plaintiff, David Beugler, filed his complaint on September 11, 2003 (Dkt. # 1) alleging that the negligence of Burlington Northern & Sante Fe Railway Company ("Burlington") caused plaintiff's neck and back injuries which occurred when plaintiff was startled by a passing car while lifting a railroad crossing guard to allow traffic to cross over the train tracks. The Court held its first hearing on Burlington's motion for summary judgment (Dkt. # 11) on July 2, 2004 (Dkt. # 22). At that hearing, the Court determined that the evidentiary record was still being developed. Accordingly, the Court reset the hearing for October 29, 2004 (Dkt. # 73). Finding that no genuine issue of material fact existed, the Court granted summary judgment for Burlington on February 3, 2005 (Dkt. # 88).

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant

to Fed. R. Civ. P. 60(b)." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Plaintiff filed his motion pursuant to Rule 60(b).

Rule 60(b) permits a party to seek relief from a final judgment, order, or proceeding due to (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). "Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances. . . . Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1289 (10th Cir. 2005); Pelican Production Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990) ("The district court has substantial discretion in connection with a Rule 60(b) motion.") (citation omitted).

Plaintiff asks the Court to reverse its Amended Order granting summary judgment for Burlington based on newly discovered evidence. Fed. R. Civ. P. 60(b)(2). Specifically, plaintiff asserts that "new evidence warrants reconsideration and reversal of the Court's February 3, 2005 [Amended] Order granting summary judgment in favor of Burlington Northern." Dkt. # 129, at 8. The "new" evidence cited by plaintiff consists of: the Public Law Board ruling in favor of plaintiff; plaintiff's response to interrogatories; the affidavit of David Spriggs; the affidavit of Mark Polk;

the report from plaintiff's liability expert, Edward Stanton; the deposition of Edward Stanton; and the deposition of James Myers.  Id.

The court may relieve a party from final judgment based on "newly discovered evidence which by way of due diligence could not have been discovered" in time to move for a new trial within ten days of judgment pursuant to Rule 59(e).  Fed. R. Civ. P. 60(b)(2).  Judgment was entered in favor of Burlington on February 3, 2005.  Dkt. # 91.  The Public Law Board ruled in favor of plaintiff on November 17, 2004.  Plaintiff furnished his responses to interrogatories by November 12, 2004.  Dkt. # 76.  The affidavit of David Spriggs was filed with the Court on November 12, 2004.  Id. at 9.  By November 2004, Mark Polk was identified as a Union Pacific employee who, like plaintiff, had lifted crossing gates to allow traffic to pass.  Id. at 14.  Thus, with due diligence, plaintiff could have secured Polk's affidavit prior to February 2005.  Plaintiff's expert on liability, Edward Stanton, produced his report by November 12, 2004.  Id., Ex. 2, at 23.  Stanton was deposed on October 6, 2005.  Dkt. # 129, Ex. 1.  However, he was available to the plaintiff prior to the Court's ruling on summary judgment and his deposition could have been procured with due diligence.  Finally, James Myers was deposed on September 22, 2005.  Id. at Ex. 2.  Myers is an engineer who was on plaintiff's train the date of the incident.  Thus, Myers' identity was known to plaintiff prior to the lawsuit.  Plaintiff's failure to depose Myers prior to the Court's hearings on summary judgment is attributable to plaintiff's lack of due diligence.  All of plaintiff's "new" evidence was either available to the Court prior to its February 3, 2005 judgment or discoverable with due diligence.

Further, plaintiff accuses the Court of misstating the law of negligence.  Dkt. # 129, at 9.  A judicial mistake, as construed by the Tenth Circuit for purposes of Rule 60(b), occurs where "the

judge has made a substantive mistake of law or fact in the final judgment or order." Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996). In support of this contention, plaintiff directs the Court's attention to the February 9, 2005 decision of Pehle v. Farm Bureau Life Ins. Co, Inc., 397 F.3d 897 (10th Cir. 2005). Other cases cited by plaintiff in support of his motion were "all cited in the original response to summary judgment." Dkt. # 129, at 11. In Pehle, the Tenth Circuit, applying the substantive law of Wyoming, held that whether a breach of the duty to disclose was the proximate cause of injury is a question of fact for the jury. 397 F.3d at 900 ("Wyoming law imposes on Farm Bureau a limited duty to disclose."). Plaintiff's case does not concern the duty to disclose. The Tenth Circuit's holding in Pehle does not undermine the legal analysis of the Court's Amended Order. See Dkt. # 88. The Court's Amended Order was based on a careful review of the record, two hearings on summary judgment, and the application of Oklahoma law to the facts of the case. Nothing submitted by plaintiff suggests that the Court's determination, that no disputed issues of material fact exist, was incorrect. Accordingly, the Court's February 3, 2005 Amended Order stands.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration of [Amended] Order Dismissing Burlington Northern & Santa Fe Railway Company (Dkt. # 129) is hereby **denied**. This is a final order terminating this action.

**DATED** this 28th day of March, 2006.

*Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT